<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES McCAULEY, O/B/O : | |
| DEBORAH McCAULEY : | Civ. No. 01-4953(DRD) |
| Deceased, : | |
| : | **O P I N I O N** |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| JO ANNE BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

Jon C. Dubin, Esq.
Professor of Law
Jack F. Feinstein, Esq.
Acting Director, Urban Legal Clinic
The State University of New Jersey
Rutgers School of Law - Newark
Urban Legal Clinic
123 Washington Street
Newark, New Jersey 07102
    Attorneys for Plaintiff
    James McCauley, O/B/O
    Deborah McCauley, Deceased

Christopher J. Christie
United States Attorney
By:   Peter G. O'Malley
    Assistant U.S. Attorney
970 Broad Street
Newark, New Jersey 07102

Of Counsel:
Barbara L. Spivak
Chief Counsel - Region II
Dennis J. Canning

Assistant Regional Counsel
Office of the General Counsel
Social Security Administration
      Attorney for JoAnne Barnhardt
      Commissioner of Social Security

**Debevoise, Senior District Judge**

Plaintiff, James McCauley petitions for an award of attorneys' fees and expenses for representation before the Court of Appeals for the Third Circuit pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA").

On March 11, 2003 this court affirmed a decision of the Commissioner of Social Security denying decedent Deborah McCauley's claim for disability benefits[1]. On April 23, 2004 the Court of Appeals vacated this court's order and remanded the case to this court for remand to the Commissioner for proceedings consistent with the Court of Appeals opinion. In its opinion the Court of Appeals applied the principles set forth in Newell v. Barnhart, 347 F. 3d 541 (3d Cir. 2003) and held that the record should be expanded by the retention of a medical expert by the ALJ because the date of McCauley's disability, if any, is potentially significant and that the Commissioner should consider the impact of McCauley's morbid obesity.

In his petition plaintiff sought an award of attorneys' fees pursuant to the EAJA in the amount of $19,945.55 for 380.15 hours of work expended at the Court of Appeals level. Jon C. Dubin, Esq., spent 64.75 hours which generates fees in the amount of $9,772.72 based on the EAJA COLA-enhanced rate ($150.93 x 64.75 hours). A third-year law student who worked under Professor Dubin's supervision worked 315.4 hours which generates fees in the amount of

---

[1] Deborah McCauley died on April 11, 1997, and her husband James McCauley is prosecuting these proceedings.

$25,232 based on the market rate for legal assistants in Newark ($80 x 315.4 hours).  The application for fees reduced the request with respect to the student by 50% and with respect to Professor Dubin by 25%, resulting originally in a total application for $19,945.55.

In her extensive brief in opposition to the request for attorneys' fees the Commissioner objected to compensation for plaintiff's counsel's work on a reply brief because by that time the Commissioner had moved to remand the case, which is the relief plaintiff ultimately obtained.  Conceding the merit of this argument, plaintiff reduced the number of hours expended by Mr. Dubin and by the student assistant by the total number of hours expended preparing the reply brief (7.75 by Mr. Dubin and 66.5 by the student assistant) and adjusted the fee request accordingly.  However, plaintiff added to the reduced fee an additional $3,584.59 representing time that Mr. Dubin expended preparing a brief in reply to the Commissioner's opposition to the attorneys' fee application[2].  After these adjustments have been made the total fee request is $19,879.57 based on 65.75 lawyer hours and 124.45 lower rate student hours.

Plaintiff is entitled to recover attorneys' fees unless the Commissioner's position was substantially justified within the meaning of the EAJA.  The burden is on the government to demonstrate that its administrative positions and its litigation positions were substantially justified.  "In order to prevail, the government must show: 1) a solid and well founded basis in truth for the facts alleged; 2) a solid and well founded basis in law for the theory propounded; and 3) a solid and well–founded connection between the facts alleged and the legal theory advanced." [citations omitted], Taylor v. Heckler, 835 F.2d 1037, 1042 (3d Cir. 1988).  In

---

[2] A fee award under the EAJA covers work performed in connection with the fee litigation.  Comm. of I.N.S. v. Jean, 496 U.S. 154 (1990).

Hanover Potato Products, Inc., v. Shalala, 969 F.2d 123, 128 (3d Cir. 1993) the Court of Appeals noted that subsequent Supreme Court authority modified the Taylor standard to substitute a "reasonable basis" for a "solid and well-founded" one. However, the inquiry remains substantially the same.

In the instant case at the administrative level the Commissioner failed to consider the claimant's morbid obesity and she failed to apply the proper law on the second step severity standard and disability onset dates.

The failure to consider the marked obesity factor in combination with McCauley's other impairments was both a factual and legal error. The Commissioner in her brief before the Court of Appeals acknowledged this error. It violated repeated admonitions that the Commissioner weigh all the evidence; e.g., Cotter v. Harris, 642 F.2d 700, 706, n.8 (3d Cir. 1981). It was a departure from numerous agency rulings and regulations that acknowledge the relevance of obesity even after obesity was no longer a separate App. I Listing.

It is true that Newell was decided after the Commissioner's decision, but even before Newell controlling Social Security Rulings required that the agency only apply a slightness or de minimis step-two medical severity standard for short cutting the five-step evaluation process and screening out and denying claims at step-two. The Commissioner conceded in this case that she erred because the ALJ expressly found that McCauley possessed in the relevant time period "a severe mental impairment with frequent and moderate limitations." This finding absolutely precluded dismissing the claim for benefits at step-two on medical grounds alone as "not severe".

The Commissioner has failed to sustain her burden of proof under the Taylor- Hanover framework either at the administrative level or when opposing plaintiff's appeal. Her lack of

4

substantial justification is emphasized by her motion to vacate and remand the appeal for a new hearing nearly two months after plaintiff filed his 64-page appellant's brief on the merits and 310-page appendix with the Court of Appeals.

The Commissioner's contention that her decision was substantially justified is based upon a restatement of the medical reports and other evidence that was before the ALJ.  It is conceivable that after a consideration of McCauley's obesity and after curing the step-two error an ALJ might still deny the disability claim.  The evidence in the record, however, does not cure the errors that were committed and render substantially justified the Commissioner's pursuit of the appeal in the face of these errors.

The Commissioner also argues that special circumstances make an award of attorneys' fees unjust.  The basis for this contention is that the time expended in litigation after the Commissioner offered remand was attributable to plaintiff's position, not the Commissioner's.  As noted above, in response to this contention plaintiff amended his petition to reduce the hours of Professor Dubin and his student assistant by the number of hours they spent on plaintiff's Court of Appeals reply brief, work performed after the Commissioner moved to remand.

The Commissioner also contends that its motion to remand was motivated by the recent <u>Newell</u> case.  However, even apart from <u>Newell</u>, the Commissioner's step-two position was not substantially justified nor was its position with respect to McCauley's obesity.  There are no special circumstances that preclude an award of attorney's fees.

The Commissioner objects to the hours spent pursuing the appeal.  She does not challenge the rates requested.  The appeal was not routine, as suggested by the Commissioner; it encompassed a substantial record and a number of significant legal issues.  The inexperience of

the law student necessitating perhaps greater than usual expenditure of time was adequately compensated for by eliminating 50% of the student's hours, and the 25% reduction of Professor Dubin's hours surely compensated for any time he spent directing the student assistant. The resulting total number of hours appears eminently reasonable for this appeal.

      Plaintiff will be awarded attorneys' fees as requested in the total amount of $19,879.57. The court will enter an appropriate order.


Dated: September 19, 2005                                    /s/ Dickinson R. Debevoise
                                                              DICKINSON R. DEBEVOISE
                                                                   U.S.S.D.J.